# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| **REGIONS BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:10-cv-00325 |
| | ) Varlan/Guyton |
| **ROBIN MARTIN a/k/a** | ) |
| **STEPHANIE DAVICH,** | ) |
| | ) |
| **Defendant.** | |

## AGREED PROTECTIVE ORDER

As is evidenced by the signatures of counsel below, the parties agree as follows:

1. Because of the nature of this dispute, discovery in this proceeding will likely involve information that the parties legitimately consider commercially sensitive and confidential, including personal financial information..

2. <u>Definitions</u>. Defendant has sought to obtain and may seek further to obtain, through discovery in this proceeding, certain documents, data, or other information or materials ("Materials") from Regions Bank ("REGIONS") which REGIONS considers confidential. As used herein, "Confidential Materials" are discovery Materials that contain commercially sensitive non-public financial or business information, including trade secrets, security procedures, proprietary technical information, business information, plans and strategies, financial data, personnel information, and other sensitive information. Materials designated "Confidential" in accordance with the procedures contained in this Order are protected from further disclosure under the terms and conditions set forth below.

3. <u>Material - Not Court Records</u>. The discovery sought and likely to be sought by the parties in this case does not include information which would have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.

4. <u>Designation of Confidential Materials</u>.

A. Any Materials which REGIONS in good faith considers to be Confidential Materials shall be designated by REGIONS with the legend, "Confidential" ("Legend"). The designation of Confidential Materials shall be made by marking each confidential page of a document, deposition, or other discovery material with the Legend before the document, other discovery material, or a physical copy thereof is transmitted by the producing party. Documents produced for examination by counsel prior to designation and copying shall be subject to this Order, whether marked or not, until copies of the Materials are requested and supplied. After the copies are requested and supplied, they will be considered confidential only if marked with the Legend. The designation of Materials as confidential shall be considered timely if the designation is made at or before the time that copies of such Materials are provided.

B. Deposition testimony may be designated as confidential and subject to the provisions of this Order by a party stating on the record at the taking of the deposition that certain testimony is deemed confidential and subject to this Order. Deposition testimony may also be designated confidential by written notice to all parties specifying particular pages of the deposition transcript containing Confidential Materials as defined by this Protective Order within the time allowed by the Federal Rules of Civil Procedure for a witness to sign and return the original deposition transcript to the deposition officer. When deposition testimony is designated

confidential by either method described above, the court reporter and/or counsel will mark the covers of all transcripts containing such designations with the legend, "Contains Confidential Materials Subject to Protective Order," and mark all pages of the transcript designated as Confidential with the legend, "Confidential" in accordance with Subparagraph 4A above.

        C.     All Confidential Materials described in Subparagraphs 4A and 4B hereof, and any copies, notes, summaries, charts, or other documents setting forth or revealing the contents of such Confidential Materials, shall be considered "Confidential Materials" that are subject to the terms of this order.

        D.     If a producing party inadvertently fails to timely designate as confidential that which it in good faith considers to be confidential, then all parties in possession of such Materials shall upon request of the producing party designate such Materials as confidential by means of the markings described in this Paragraph 4, and the Materials shall thereafter be considered Confidential Materials subject to the terms of this Order, unless objection is made by a receiving party. If the receiving party objects to the subsequent confidential designation, the producing party shall have the right to apply to the Court for such additional protective orders as may be necessary to designate as confidential any information previously disclosed but not designated as confidential. During the pendency of an application to the Court for an additional protective order, such Materials shall be treated as if properly designated as Confidential Materials and therefore protected by the terms of this Order.

        E.     Any court reporter who prepares a transcript, which reflects a designation made in accordance with this Order shall fully comply with all provisions of this Order.

        F.     Nothing in this Order, nor any action taken in compliance with it, shall (i) operate as an admission that any particular Materials, are, or are not, confidential, or (ii)

prejudice in any way the right of any party to seek a Court determination of whether or not particular Materials are confidential or should be disclosed.  Any party may request that the Court modify or otherwise grant relief from any provision of this Order.  Nothing in this Order shall operate as an admission that any particular Materials, are, or are not, discoverable or admissible in evidence at the trial of this action.

    G. Nothing contained in this Order shall prevent any party from applying to the Court for a ruling that any documents, testimony, statement, argument or transcript designated as "Confidential" should be excepted from the scope of this Order and nothing contained herein shall in any fashion prejudice any such application.  The party who (i) contends that a document or testimony should be treated as confidential, or (ii) who designates a document or testimony as "Confidential" shall have the burden of showing that such designation is appropriate.  The fact a document or testimony has been designated as "Confidential" shall not, in and of itself, be probative evidence in this connection.

    5. <u>Use of Confidential Materials in Court Proceedings</u>.

    A. Except under order of this Court stating otherwise, if any party intends to file Confidential Materials with this Court, or use Confidential materials in any hearing, trial, or other proceeding before this Court, the party so intending shall give the producing party written notice at least ten (10) days before the Confidential Materials are filed or used so that the producing party may file a motion for sealing and obtain a hearing; provided that if the setting of a hearing allows less than ten (10) days notice, then the party intending to file or use the Confidential Materials shall be required to give only such notice as is reasonable under the circumstances, but in no event may notice be given less than five (5) business days before the setting.  A party intending to use Confidential Materials in its response to a motion shall give the

producing party such notice as is reasonable under the circumstances, but in no event may notice be given less than five (5) business days before the Confidential Materials are filed with the Court, unless the response is being made to a court proceeding in which less than ten (10) days notice was given and the opposing party gave a shortened notice of intent to use or file Confidential Materials as permitted above, in which case three (3) days notice shall be given before the Confidential Materials are filed with the Court, except as set forth in Paragraph 7.

      B.    Any party who files with the clerk or submits to the Court any pleading, motion, brief, transcript, interrogatory, interrogatory answer, request for admission, response to a request for admission, affidavit, exhibit, chart, summary, schedule or other paper containing any document, testimony or other matter which has been designated "Confidential" and who has complied with Paragraph 5A, shall prepare, to the extent feasible, such papers in a manner that the Confidential Materials are bound separately from Materials not covered by this Order and such party shall place the papers containing Confidential Materials in a sealed envelope clearly marked to indicate the envelope contains Materials subject to this Order. Prior to any ruling by the Court on any pending motion, any such envelope filed with the clerk shall be maintained by the clerk separate from the public records in this lawsuit and shall not be released to any person except (i) an individual who has made an appearance in this lawsuit as an attorney of record for a party to this lawsuit or (ii) court officials concerned with this lawsuit.

      C.    To the extent feasible, any exhibit, any court reporter notes, any sound recordings, any video tape or any transcript of any deposition, hearing, trial or other proceeding which includes any document, testimony, statement or argument or other matter which has been designated as "Confidential" shall be prepared in such a manner that only the Confidential Material is bound or recorded separately from that which is not confidential and the confidential

part shall be maintained by the clerk or the court reporter separate from the public records in this lawsuit and shall not be made available to any person except (i) any individual who has made an appearance in this lawsuit as an attorney of record for a party to this lawsuit or (ii) court officials concerned with this lawsuit.

    D. Nothing contained in this Order shall prevent any party who designated documents "Confidential" from disclosing or otherwise using any such documents or information as that party may choose.

  6. <u>Disclosure of Confidential Materials</u>. Confidential Materials shall not be disclosed to any person not authorized under Paragraph 7 of this Order to receive access to Confidential Materials without the prior written consent of the producing party, or upon the entry of a further order of this Court authorizing such disclosure or access.

  7. <u>Disclosure Outside of Court</u>.

    A. Confidential Materials may be disclosed to the following described individuals:

     (1) The Defendant;

     (2) An individual who has been engaged as an attorney for a party to this lawsuit or a partner or other attorney employed by the same outside law firm, but any disclosure to such partner or other attorney shall be only to the extent reasonably necessary for that individual to render service in connection with this lawsuit;

     (3) A paralegal assistant, secretary, law clerk or other similar, regular employee or subordinate of such an attorney of record who is actively assisting the attorney of record, but any disclosure to such an individual shall be only to the extent reasonably necessary for that individual to render services in connection with this lawsuit;

(4) Individuals who are regularly employed by a third party contractor (a) which contractor is retained by a party or an attorney of record, (b) which, in the normal course of its business, provides litigation support services, and (c) which is retained solely for the purpose of organizing, coding, filing, storing or retrieving data or preparing summaries, schedules or exhibits, but any disclosure to such individual shall only be to the extent reasonably necessary for the individual to render such services in connection with this lawsuit;

(5) A consultant, private investigator, an expert witnesses, or prospective expert witness, or the attorney for any such individual retained by a party to perform investigative work, fact research or other services related to this action; or

(6) A court reporter who reports a deposition or other testimony, statement or argument in connection with this lawsuit.

B. Counsel seeking to show Confidential Materials to a person identified in subparagraph (4) or (5) shall give to those persons a copy of this Protective Order and shall advise those persons that they are bound by it; and provided further that before allowing the persons identified in subparagraphs (4) or (5) to view the Confidential Materials, counsel seeking to show the Confidential Materials shall have the persons sign a copy of the Undertaking attached as **Exhibit "A"** to this Protective Order ("Undertaking"). Counsel obtaining the signatures of such persons will be the custodians of signed originals of the Undertakings. The custodians shall deliver copies of the signed Undertakings to counsel for the opposing party or non-party within 45 days after the final disposition of this lawsuit.

8. <u>Non-Litigation Use of Confidential Materials Prohibited</u>. Except as provided in Paragraph 9, Confidential Materials are to be used solely for purposes of discovery and preparation for and actual prosecution of this case and not for any other purpose.

9. <u>Disclosure Required by Court Order</u>. It will not be considered a violation of this Protective Order if a party is required to produce Confidential Materials by the order of a court or administrative agency. If a party is required by subpoena or order of any state or federal court or administrative agency to release Confidential Materials which it obtained pursuant to this Protective Order, the party so required shall notify the producing party in writing at least ten (10) days prior to such release to permit that party to contest the release; provided, however, that if the party so required is given less than fifteen (15) days to release the Confidential Materials, that party shall be required to give such notice as is reasonable under the circumstances, including, but not limited to, notice by telephonic communication.

10. <u>Return or Destruction of Confidential Material</u>. Each party or person described in Paragraph 7 who has received Confidential Materials shall return the Confidential Materials to the producing party, or shall destroy the Confidential Materials by shredding them, not later than 45 days after the final settlement or conclusion of this matter through trial and appeals. When Confidential Materials are destroyed under the provisions of this paragraph, the person or party destroying the Confidential Materials shall provide the producing party with (a) written verification of the destruction of the Confidential Materials and (b) a written list identifying the Confidential Materials destroyed.

11. <u>Removal of Designations</u>.

A. Once a party has designated Materials as Confidential, the designation may be removed only by agreement of the parties or by order of this Court upon application of the party seeking to remove the designation of Confidential. Before seeking such an order, the party seeking to remove the designation of Confidential shall consult in good faith with the producing party in an effort to resolve the matter by agreement.

B. Any designation of Confidential Materials as "Confidential" may be canceled by the party who originally made such designation without the consent of any other person; however, no such cancellation shall be effective unless it is in writing and signed by such party or its representative or the attorney for such party.

12. <u>Continuing Effect of Confidentiality</u>. The obligations of the confidentiality set forth in this Protective Order shall continue in effect after the termination of this case, and this Court shall retain jurisdiction to enforce this Protective Order and/or remedy any violation of it.

13. <u>Parties and Assigns</u>. Unless otherwise defined or provided, the term "party," as used in this Protective Order, includes any person or entity, whether private, governmental, or otherwise, that becomes a party to this litigation and includes any such person or entity that ceases to be a party to this litigation after receiving or obtaining Confidential materials or information. The terms and provisions of this Protective Order shall be binding upon and inure to the benefit of each party, as herein defined, its successors and assigns; any and all parent, subsidiary, related, and affiliated corporations and entities and their directors, officers, employees, agents, representatives, and/or attorneys who obtain any Confidential Materials or information.

14. <u>Other Objections</u>. Nothing in this Protective Order shall preclude any party from objecting to the production in this action of any Confidential Materials on any other basis recognized under the Federal Rules of Civil Procedure and the Federal Rules of Civil Evidence.

15. <u>Limiting Affect</u>. Except as set out above, nothing in this Protective Order shall limit, affect, or otherwise govern the use a party may make of its own documents or information or the portions of its depositions of its own employees containing Confidential materials that it

has produced, or affect any other understandings or agreements between the parties concerning the confidential treatment to be accorded any document or information.

16. Notice. Notifications pursuant to this Protective Order shall be made by written notice as follows:

To Defendant:

> David L. Raybin
> 424 Church Street
> 22nd Floor
> Nashville, Tennessee 37219

To Plaintiff:

> Charles W. Cook, III
> Stokes Bartholomew Evans & Petree, P.A.
> 424 Church Street, Suite 2800
> Nashville, TN 37219

IT IS THEREFORE SO ORDERED.

ENTERED this 1st day of SEPT, 2010.

*Thomas H. Phillips*
U.S. District Court Judge

APPROVED AS TO FORM:

s/Charles W. Cook, III
Charles W. Cook, III (#014274)
Adams and Reese LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219
(615) 259-1450
Attorney for Plaintiff

s/David L. Raybin by permission CWC
David L. Raybin (#003385)
Hollins, Raybin & Weissman P.C.
424 Church Street, Suite 2200
Nashville, Tennessee  37219
(615) 256-6666
draybin@hwylaw.com
Attorney for Defendant