UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

REGIONS BANK,                )
                             )
        Plaintiff,            )
                             )   No. 3:10-CV-325
                             )   (GUYTON)
V.                           )
                             )
ROBIN MARTIN, a/k/a          )
STEPHANIE DAVICH,            )
                             )
        Defendant.            )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 29].

Now before the Court is the Defendant's Motion for Summary Judgment [Doc. 19], wherein the Defendant requests that the Court enter judgment in her favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Plaintiff has responded to the Motion for Summary Judgment and stated that it has no opposition to the relief requested, so long as it is reimbursed for its fees and expenses in the amount of $10,000. [Doc. 24].

At a telephone conference conducted September 2, 2011, the parties confirmed their agreement and understanding, and thus, based upon the parties' positions and applicable law, the Court will, for the reasons stated below, **GRANT** the Motion for Summary Judgment.

## I. BACKGROUND

On November 30, 2007, "Stephanie Davich" opened a money market account with the Plaintiff, and on January 25, 2008, "Stephanie Davich" opened a checking account with the Plaintiff. [Doc. 1 at ¶ 8]. "Stephanie Davich" executed signature cards as part of opening this account. [Doc. 1 at ¶ 8]. As of July 30, 2010, the money market account held $164,996.00, and the checking account held $27,585.69.

After these accounts were opened, the Defendant was arrested in California, prosecuted by the federal government for identity theft, and convicted. [Doc. 1 at ¶ 9]. In June 2009, counsel for the Defendant wrote the Plaintiff, and explained that the Defendant opened these accounts using the false identity of "Stephanie Davich." [Doc. 1 at ¶ 6]. The Defendant designated the beneficiary of these accounts as "Robin Kitt," a second assumed identity used by the Defendant. [Doc. 1 at ¶ 11].

On August 4, 2010, the Plaintiff filed the Complaint in this action. The Plaintiff stated that it was not comfortable returning the money held in the checking account and money market account to the Defendant under these conditions. [Doc. 1 at ¶ 12]. The Plaintiff moved the Court to: allow the disputed funds to be deposited with the Clerk of Court; issue an order declaring the rights to funds at issue; dismiss the Plaintiff from any claims brought in connection with the funds; and award fees and expenses to the Plaintiff. [Doc. 1 at 4]. On August 11, 2010, the funds in the amount of $192,625.33 were deposited with the Registry of the Court, in accordance with Rule 67 of the Federal Rules of Civil Procedure.

The Defendant has agreed that her inappropriate behavior in assuming a false identity compels her to establish that she is, in fact, the person who opened the accounts at issue. [Doc. 19 at 2]. The Defendant has given sworn testimony establishing that she did in fact assume a

false identity and that she opened the accounts at issue, using the false identity. [Doc. 23-1 at 24, 28; see also Doc. 19 at 2]. This testimony has been affirmed by Hayden Oakley, the former branch manager at the location where the accounts originated. [Doc. 22-1 at 4].

The Defendant has averred, and the Plaintiff has conceded, that she "is the same person who, while assuming the identity of Stephanie Davich, opened the two accounts at Regions Bank which is the subject of this declaratory action." [Doc. 25 at ¶ 12]. The parties have also agreed that the Plaintiff is entitled to its fees and expenses incurred in this litigation. [Doc. 25 at ¶ 14].

## II.  ANALYSIS

The standard for granting summary judgment is familiar to the Court and the parties. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n.2 (1986).

The Court has reviewed the evidence in the record, including the depositions of the Defendant and Mr. Oakley. The Court finds that there are no genuine issues of material fact remaining in this case. The Defendant has demonstrated that she is the same person who assumed the identity of "Stephanie Davich" and opened accounts at Regions Bank using this fictitious identity. The parties agree and the evidence demonstrates that the Defendant is the owner of these accounts and is entitled to the funds that were in these accounts and are now in the custody of the Clerk of Court.

The Court finds that the Defendant has met her burden of proving that she is entitled to these moneys, and the Court finds that she is entitled to judgment in her favor as a matter of law. Accordingly, the Court finds that the Motion for Summary Judgment [Doc. 19] is well-taken.

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Motion for Summary Judgment **[Doc. 19]** is well-taken, and it is **GRANTED**. The Clerk of Court will enter judgment in the Defendant's favor following entry of this Memorandum and Order. An Order granting the Plaintiff's request for fees will follow.

**IT IS SO ORDERED.**

ENTER:

     /s H. Bruce Guyton     
United States Magistrate Judge